**UNITED STATES of America, Appellee,**

v.

**Crystal GRILLET, Defendant,**

**Keno Bournes, Defendant–Appellant.**

**No. 06–0553–cr.**

United States Court of Appeals, Second Circuit.

Oct. 16, 2007.

Emily Berger & Cameron Elliot, Assistant United States Attorneys, for Roslynn R. Mauskopf, United States Attorney for the Eastern District of New York, Brooklyn, N.Y., for Appellee.

Paul P. Rinaldo, Forest Hills, N.Y., for Defendant–Appellant.

PRESENT: Hon. GUIDO CALABRESI and Hon. RICHARD C. WESLEY, Circuit Judges, and Hon. CHARLES L. BRIEANT,* District Judge.

### SUMMARY ORDER

Defendant–Appellant Keno Bournes appeals from the January 31, 2006 judgment of the United States District Court for the Eastern District of New York (Block, *J.*) convicting him of alien smuggling for profit, in violation of 8 U.S.C. § 1324(a)(2)(B)(ii), and of misuse of a passport, in violation of 18 U.S.C. § 1544. Bournes admitted that he had attempted to bring into the United States a child who was traveling on a bogus passport, but claimed he did not know that the child's passport was false. The jury held otherwise. On appeal, Bournes challenges the validity of his conviction in two ways.

First, Appellant asserts that the evidence was legally insufficient to support the jury's verdict. When presented with such a challenge, we view the evidence presented at trial in the light most favorable to the prosecution, crediting every inference that the jury might have drawn in favor of the government. *United States v. Dhinsa,* 243 F.3d 635, 648 (2d Cir.2001).

* The Honorable Charles L. Brieant, of the United States District Court for the Southern District of New York, sitting by designation.

The reviewing court may not substitute its own determinations of credibility, or of the relative weight of the evidence, for those of the jury. *Id.* at 648–49. And we will not disturb a conviction on grounds of legal insufficiency of the evidence at trial if any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Id.* at 649. These formidable obstacles are fatal to Bournes's challenge. We have reviewed the record, and we find ample evidence to support a conclusion that Bournes knew the child's passport was false.

Second, Appellant contends that the jury failed to follow the district court's instructions concerning a defendant's right not to testify, thereby violating Bournes's Fifth Amendment privilege against self-incrimination. This argument was affirmatively waived by Appellant's counsel in the court below, and so Bournes is barred from pressing it before us. *See United States v. Olano,* 507 U.S. 725, 733, 113 S.Ct. 1770, 123 L.Ed.2d 508 (1993). We note, in passing, that the argument lacks merit. With admirable clarity, the district court instructed the jury that it was impermissible to draw any adverse inference from a defendant's silence. When the jurors nevertheless asked if they could request testimony from Bournes, the court properly reinstructed them that he had a constitutional right not to take the stand. When it reached its final verdict, the jury stated that it had done so without relying on the fact that defendant did not testify. Accordingly, even had the argument not been waived, it would have been unsuccessful because the district court committed no error.

The judgment of the district court is **AFFIRMED.**